**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

COURT FILE NO.: _____

| | |
|---|---|
| Tracy Daiber-Fiber<br>1298 Oak Park Drive<br>Galloway, OH 43119<br><br>   Plaintiff,<br>v.<br><br>Resurgent Capital Services, LP<br>15 Main Street, Suite 600<br>Greenville, SC 29601<br><br>And<br><br>Wyse Financial Services, Inc.<br>3410 South Galena Street, Suite 250<br>Denver, CO 80231<br><br>   Defendant(s). | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff personal and financial privacy by Defendants and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

Case: 2:10-cv-01120-JLG-TPK Doc #: 1 Filed: 12/13/10 Page: 2 of 5  PAGEID #: 2

4. Plaintiff Tracey L. Daiber-Fiber is a natural person who resides in the City of Galloway, County of Franklin, State of Ohio and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Resurgent Capital Services, LP is a collection agency operating from an address of 15 Main Street, Suite 600, Greenville, SC 29601 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Wyse Financial Services, Inc. is a collection agency operating from an address of 3410 South Galena Street, Suite 250, Denver, CO 80231 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with Washington Mutual, account ending in 5444.

8. On or about October 29, 2009, with The Palmer Firm acting as her agent, Plaintiff reached an agreement with Defendant Resurgent Capital Services LP through its agent to settle the debt for $525.83. Under the terms of this agreement, the $525.83 had to be paid by October 30, 2009.

9. On October 30, 2009, The Palmer Firm paid this account through check by phone in the amount of $525.83 to Brachfeld Law Group, the law firm/agent representing Defendant Resurgent Capital Services LP at that time regarding the Washington Mutual account.

10. On or about December 24, 2009, Defendant Wyse Financial Services, Inc. sent Plaintiff a letter alleging amounts due on the settled account.

-2-

11. The above-described collection communication made to Plaintiff by Defendants and other collection employees employed by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692c(5).

12. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA..

## TRIAL BY JURY

13. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST ALL DEFENDANTS
### 15 U.S.C. § 1692 et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA.

16. Defendant Wyse Financial Services, Inc.'s actions violated the FDCPA including, but are not limited to, the following:

    (a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law. 15 U.S.C. § 1692f(1).

17. Defendant Resurgent Capital Services LP's actions violated the FDCPA including, but are not limited to, the following:

(a) making a false representation of the character, amount, or legal status of any debt. 15 USC 1692(e)(2)(a).

(b) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 USC 1692(e)(10).

21. As a result of Defendants violations of the Fair Debt Collection Practices Act, Plaintiff is entitled to statutory damages and reasonable attorney's fees and costs from Defendants herein.

22. As a result of each and every Defendants violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 13, 2010 **Vidmar and Hardesty, Ltd.**

By: <u>**/s/ Christian Hardesty**</u>
Christian Hardesty
Attorney I.D.#0078289
1971 West Fifth Avenue, Suite 4
Columbus, OH 43212
Telephone:  (614) 543-0369
Facsimile: (614) 543-1306